



**FILED**
**APRIL 3, 2008**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| MANUEL GALVAN, GONZALO LIRA, ASHLEY ALEJANDRE, and SALVADORE FLORES,<br><br>Plaintiffs,<br><br>v.<br><br>CAVINESS PACKING COMPANY, INC., a Texas Corporation, TERRY D. CAVINESS and BRENT J. BIRKHOLZ, individuals, CAVINESS BEEF PACKERS, L.P., CAVINESS BEEF PACKERS, LTD. and CAVINESS MANAGEMENT, L.L.C.,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§   NO. 2:06-CV-315-J<br>§ |

## MEMORANDUM OPINION

On November 30, 2006, named Plaintiffs Manuel Galvan, Gonzalo Lira, Ashley Alejandre, and Salvadore Flores filed this representative action for claims of unpaid wages and overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. §216(b); claims of disparate and discriminatory pay under the Equal Pay Act (EPA), 29 U.S.C. §206(d); and claims of retaliation. On July 14, 2007, Plaintiffs filed a *Motion for Partial Summary Judgment on the Issue of Liability.* Defendants filed a response on August 3, 2007, and Plaintiffs filed a reply on August 6, 2007. On July 16, 2007, Defendants filed a *Motion for Summary Judgment.* Plaintiffs filed a response on August 6, 2007, and Defendants filed a reply on August 15, 2007. The Court granted Plaintiffs' request to file a surreply, which was filed on March 18, 2008.

Plaintiffs' *Motion for Partial Summary Judgment on the Issue of Liability* is DENIED and Defendants' *Motion for Summary Judgment* is DENIED in part and GRANTED in part.

## I. BACKGROUND

The named Plaintiffs are or were employed as hourly workers by Caviness Beef Packers, Ltd. and worked at Caviness' meat-packing facility in Hereford, Texas. Defendants Terry W. Caviness and Brent J. Birkholz are the president and director of Caviness and the secretary and treasurer of Caviness, respectively. The Plaintiffs allege that Caviness did not pay its employees the overtime they were owed, did not pay them for all the hours that they worked, discriminated against female employees in their pay rates, and retaliated against employees who complained about these violations. Plaintiffs allege that they were not paid lawful wages under the FLSA for the following activities: standing in line to pick up their equipment, obtaining their equipment, donning and doffing sanitary and safety equipment, working before and after their scheduled start and end times, cleaning their equipment, and attending meetings. They also allege that they were not given 30 minutes for lunch, were not given their full breaks, and had their hourly time altered by Caviness employees.

In their motion for partial summary judgment on the issue of liability, Plaintiffs allege that there is no genuine issue of material fact as to the following: (1) that Caviness employees engage in activities which constitute an integral part of their job for which they are not compensated; (2) that Caviness employees are instructed or and/or are allowed to perform work related activities before and after their shift for the benefit of Caviness that are off the clock; (3) that Caviness employees do not receive a 30 minute

bona fide lunch break; (4) that Caviness employees do not get a full 15 minute break; and (5) that Caviness routinely destroys time records that it is required to keep by law.

In their motion for summary judgment, Defendants allege that there is no genuine issue of material fact as to the following: (1) that pre-shift and post-shift donning, doffing, cleaning or sharpening activities are not compensable work; (2) that the Defendants did not willfully violate the FLSA; (3) that the employees who worked for Caviness more than three years from the date their claim was made should be dismissed from the case; (4) that the doctrine of fraudulent concealment may not be relied upon by Plaintiffs to extend the limitations period; (5) that only Caviness Beef Packers Ltd. and Terry Caviness are employers under the FLSA for the purposes of this case; (6) that the alter ego doctrine may not be relied upon by Plaintiffs to maintain their claims against entities or individuals who are not employers under the FLSA; (7) that Plaintiffs were not retaliated against in violation of the FLSA; and (8) that the Defendants have not violated the EPA in their compensation of female employees.

## II. DISCUSSION

This Court may grant summary judgment on a claim if the record shows that there is no genuine issue of material fact and that "the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P. 56(c)*. A party who moves for summary judgment has the burden to identify the parts of the pleadings and discovery on file that, together with any affidavits, show the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the movant carries this burden, then the burden shifts to the nonmovant to show that the Court should not grant summary judgment. *Id.* at 324-25. The nonmovant must set forth specific facts that show a genuine issue for

trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). The nonmovant cannot rely on conclusory allegations, improbable inferences, and unsupported speculation. *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1449 (5th Cir. 1993). The Court must review the facts and draw all inferences most favorable to the nonmovant. *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

Summary judgment is also appropriate if "adequate time for discovery" has passed and "a party [] fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. The party moving for summary judgment must "demonstrate the absence of a genuine issue of material fact, 'but need not negate the elements of the nonmovant's case.'" *Little v. Liquid Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994), *quoting Celotex Corp.*, 477 U.S. at 323. The nonomvant must then show by affidavits, depositions, answers to interrogatories, admissions on file, or other evidence that there is a genuine issue of material fact for trial. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

The Court grants the Defendants' *Motion for Summary Judgment* on the following issues:

### 1. Dismissal of Certain Plaintiffs' Claims

Defendants allege that the claims of two opt-in plaintiffs, Joe Sturgeon and Jose Ruben Guzman, are barred by the statute of limitations. Claims brought under the FLSA must ordinarily be brought within two years after the cause of action accrued. 29 U.S.C. §255(a). However, if the violation was willful, the claims must be brought within three years. *Id*. Assuming, *arguendo*, that Plaintiffs can prove any violations in this case are

willful, the claims must be brought within three years of the time the cause of action accrued.

The Defendants have provided evidence that Joe Sturgeon and Jose Ruben Guzman did not bring their claims within three years of the time their causes of action accrued. In his declaration, Brent J. Birkholz stated that Joe Sturgeon was employed by Caviness from October 23, 2002 to May 15, 2004. *Defendants' Appendix p. 703*. Plaintiff Sturgeon opted into this lawsuit on June 21, 2007; over three years after his employment at Caviness concluded. *See Plaintiffs' Tenth Notice of Filing Consents to Sue*. Birkholz also stated that Jose Ruben Guzman was employed by Caviness from July 29, 2003 to May 3, 2004. *Defendants' Appendix p. 703*. Plaintiff Guzman opted into this lawsuit on June 19, 2007; over three years after his employment at Caviness ended. *See Plaintiff's Eighth Notice of Filing Consents to Sue*. Plaintiffs have provided no evidence to contradict these dates, and there is no genuine issue of material fact that Plaintiffs Sturgeon and Guzman joined the lawsuit outside the statute of limitations.

Defendants' motion for summary judgment on the claims of Plaintiffs Joe Sturgeon and Jose Ruben Guzman is GRANTED, and the claims of Plaintiffs Joe Sturgeon and Jose Ruben Guzman are dismissed from the case.

### 2. Fraudulent Concealment

In their complaint, Plaintiffs seek to toll the statute of limitations beyond three years based on the theory of fraudulent concealment. The burden is on the Plaintiffs to prove fraudulent concealment. *Cass v. Stephens*, 156 S.W. 3d 38, 64 (Tex. App. –El Paso 2004, pet. denied). The Plaintiffs must prove that: (1) "the defendant wrongfully concealed material facts relating to defendant's wrongdoing"; (2) this concealment

prevented the plaintiffs from being able to discover the nature of their claim within the limitations period; and (3) the plaintiffs "exercised due diligence" in attempting to discover the claim. *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 36 (2d Cir. 2002), *citing Corcoran v. New York Power Auth.*, 202 F.3d 543 (2d Cir. 1999), *cert. denied*, 529 U.S. 1109 (2000).

Defendants have provided evidence that no information was concealed from the Plaintiffs. There is evidence that Plaintiffs noticed disparities on their paychecks between the number of hours they worked and the number of hours they were paid by their employer. There is evidence that both Salvadore Flores and Manuel Galvan kept track of their hours and recorded them to compare to their pay stubs. *See Defendants' Appendix p. 389-90, 523-26*. Plaintiffs have provided no evidence that any material facts were concealed or that any concealment prevented the Plaintiffs from discovering the nature of their claims within the limitations period. There is no genuine issue of material fact on this issue, and Defendants' motion for summary judgment on fraudulent concealment is GRANTED.

### 3. Caviness Entity "Employers" Under the FLSA

Defendants request summary judgment that Caviness Packing Company, Inc., Caviness Beef Packers, LP, and Caviness Management LLC are not employers under the FLSA for the purposes of this case. For purposes of the FLSA, an employer includes any person acting "directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. §203(d).

Defendants allege that Caviness Packing Company, Inc.; Caviness Management, LLC; and Caviness Beef Packers, LP are not employers in relation to the Plaintiffs in this

case. Defendants have presented evidence that Caviness Beef Packers, Ltd. is the entity that operates the Hereford, Texas plant. *Defendants' Appendix p. 170*. Defendants have also provided evidence that all employees who work at the Hereford plant are paid by Caviness Beef Packers, Ltd. *Defendants' Appendix p. 703*. Caviness Beef Packers, Ltd. is clearly an "employer" for FLSA purposes. However, Defendants have provided evidence that Caviness Packing Company, Inc. is merely the lessor of some assets and real estate used by Caviness Beef Packers, Ltd. *Defendants' Appendix p. 702*. Caviness Packing Company, Inc. has no employees and pays no wages or salaries. *Id.* Caviness Management, LLC is the General Partner of Caviness Beef Packers, Ltd. *Defendants' Appendix p. 703*. It also has no employees and pays no wages or salaries. *Id.* Finally, there is evidence that Caviness Beef Packers, Ltd. does not use the name "Caviness Beef Packers, LP" and that there is no separate "LP" entity. *Id.* Plaintiffs have presented no evidence that any of these entities act directly or indirectly in the interest of an employer in relation to the employee and should therefore be considered "employers" under the FLSA. Defendants' motion for summary judgment that the Caviness Packing Company, Inc., Caviness Beef Packers, LP, and Caviness Management, LLC are not employers under the FLSA is GRANTED.

### 4. Applicability of the "Alter Ego" Doctrine

The Plaintiffs allege in their First Amended Complaint that "[t]he Caviness entities are the alter egos of [Terry W. Caviness] and [Brent] Birkholz and are the alter egos of each other." *First Amended Complaint, p. 3*. The burden of proving an alter ego relationship is "on the shoulders of the party seeking to disregard the corporate entity." *Subway Equip. Leasing Corp. v. Sims*, 944 F.2d 210, 218 (5th Cir. 1993), *citing Matter of*

*Multiponics, Inc.*, 622 F.2d 709, 723 (5th Cir. 1980). Here, the Plaintiffs are seeking to disregard the corporate entities and reach all Caviness companies and Caviness and Birkholz individually. The burden of proving an alter ego relationship is therefore on the Plaintiffs.

In determining if a company is the alter ego of another, Courts consider a "laundry list of factors…" *United States v. Jon-T Chems., Inc.*, 768 F.2d 686, 691 (5th Cir. 1985). These factors include whether or not the two companies have common stock ownership; common directors or officers; common business departments; file consolidated tax returns or financial statements; are jointly financed; are incorporated together; if one operates with "grossly inadequate capital"; if the salaries and expenses of one are paid by the other; if all the business of one is provided by the other; if the property of one is used by the other as its own; if the daily operations aren't kept separately; and if one company does not "observe the basic corporate formalities…" *Id.* at 691-92.

A corporation is the alter ego of an individual if "there is such unity between corporation and individual [or parent corporation] that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice." *Gibraltar Sav. v. LDBrinkman Corp.*, 860 F.2d 1275, 1288 (5th Cir. 1988), *citing Castleberry v. Branscum*, 721 S.W.2d 270, 272 (Tex. 1986). Factors to be considered include "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual [or parent] maintains over the corporation, and whether the corporation has been used for personal [or parental] purposes." *Id.*

The Plaintiffs have provided no evidence that the Caviness entities are the alter egos of one another.[1] In his deposition, Jack Birkholz states that Caviness Beef Packers, Ltd. operates Caviness Packing, Inc. in Hereford. *Plaintiffs' Appendix, p. 3*. Alone, this is not evidence of an alter ego. Plaintiffs have provided no evidence regarding the factors that Courts consider in determining a company's alter ego status. Similarly, there is no evidence that the Caviness entities are the alter egos of Terry Caviness or Brent Birkholz. There is evidence that Terry Caviness is "virtually 100 percent owner of" Caviness Packing Company, Inc. *Plaintiffs' Appendix, p. 3*. However, there is no evidence of the level of entanglement between Terry Caviness and the companies, no financial information, and no evidence Caviness has used the companies for personal purposes. There is no evidence that Jack Birkholz uses the companies as alter egos. Defendants' motion for summary judgment on the issue of the alter ego doctrine not applying in this case is GRANTED.

### 5. Retaliation Claims

In their amended complaint, Plaintiffs allege that Plaintiff Galvan was fired in retaliation for complaining about working conditions and a lack of overtime pay. *Amended Complaint, p. 6*. Plaintiffs allege that other employees were retaliated against by being terminated for complaining and that retaliation also took place in the form of employees being placed in unfavorable positions at work to punish them for complaints. *Id.*

---

[1] There is some evidence regarding the relationship between Caviness Beef Packers, Ltd. and Palo Duro Meat Processing, Inc. in Amarillo. However, Palo Duro Meat Processing, Inc. is not a Defendant in this case and the Complaint does not allege that it is an alter ego of the Caviness entities. Rather, the Plaintiffs claim is that the Caviness Defendants in the present case are the alter egos of Caviness Beef Packers, Ltd. and of Terry Caviness and Jack Birkholz.

The retaliation claims of both Plaintiffs Manuel Galvan and Gonzalo Lira fail because they were waived. The Defendants have provided evidence that Plaintiffs Galvan and Lira both executed signed releases in connection with other claims they had against the Caviness Companies. These releases state that Galvan and Lira "hereby release[] the Company from any and all [National Labor Relations Board] claims arising from [their] employment with the Company… including all … allegations relating to [their] termination…" *Appendix p. 707-08, 716-17*. The releases also state that Galvan and Lira will amend the complaint in this case to "exclude any allegations against the company regarding [their] termination." *Appendix p. 708, 717*. Plaintiffs claim that these releases specifically excluded any claims involved in the present case. However, the language of the releases clearly states that all allegations relating to Plaintiffs Galvan and Lira's termination are waived, including those pleaded in the present case. Plaintiffs have provided no evidence that these releases were invalid, and no genuine issue of material fact exists as to the retaliation claims of Plaintiffs Galvan and Lira brought on their own behalf.

Success on a retaliatory discharge claim requires proof of the same elements required for a Title VII claim. *Hashop v. Rockwell Co.*, 867 F. Supp. 1287, 1299 (S.D. Tex. 1994), *citing Strickland v. MICA Information Systems*, 800 F. Supp. 1320, 1323 (M.D.N.C. 1992). The three elements are: (1) that the employee engaged in a protected activity; (2) that an adverse employment action followed the protected activity; and (3) that there was a causal connection between that adverse action and the protected activity. *Collins v. Baptist Mem'l Geriatric Ctr.*, 937 F.2d 190, 193 (5th Cir. 1991). Engaging in a protected activity means that the employee must have "take[n] some actions which a

reasonable employer would consider an assertion that employees are entitled to the overtime pay…" *York v. City of Wichita Falls*, 944 F.2d 236, 241 (5th Cir. 1991).

The individual retaliation claims regarding termination of named Plaintiffs Salvador Flores and Ashley Alejandre also fail.  The Defendants have presented evidence that Plaintiff Flores was terminated because of limitations a medical condition put on his ability to work around liquids.  In fact, Flores said in his deposition that he was told he was let go because of the limitations on his work caused by the medical conditions. *Defendants' Appendix, p. 407*.  There is no evidence that Flores was fired because of complaints regarding overtime pay or that his termination was retaliation in any way. Defendants have also prevented evidence that Plaintiff Alejandre was not retaliated against by termination.  When Luis Arias was deposed on April 27, 2007, Ashley Alejandre was still employed by Caviness.  *Defendants' Appendix p. 93*.  There is no evidence of any termination actions being taken.  Defendants' motion for summary judgment as to retaliation in the form of termination against the named Plaintiffs is therefore GRANTED.[2]

### 6. Equal Pay Claims

Plaintiffs allege that Caviness pays women less than men, violating the Equal Pay Act (EPA).  29 U.S.C. §206(d).  To prove a violation of the EPA, a Plaintiff must show that the employer is subject to the EPA; that the female employee was working in a position "requiring equal skill, effort, and responsibility under similar working conditions;" and that she was paid less than male employees.  *Chance v. Rice Univ.*, 984

---

[2] Summary judgment is not granted on the issue of retaliation in the form of moving an employee to a less or non-desirable job as punishment for complaining about overtime pay, etc.  In their *Motion for Summary Judgment*, Defendants discuss only the specific retaliation claims of the named Plaintiffs which involve their terminations.

F.2d 151, 153 (5th Cir. 1993). This "necessarily requires a plaintiff to compare her skill, effort, responsibility and salary with a person who is or was similarly situated." *Jones v. Flagship International*, 793 F.2d 714, 723 (5th Cir. 1986), *cert. denied*, 479 U.S. 1065 (1987).

The Defendants have presented evidence that women are not paid less for performing the same job that men perform. The chart of recent hires at the new Caviness plant and old Caviness plant show that men and women hired in similar positions make similar amounts of money per hour. *Defendants' Appendix p. 706*. The Plaintiffs have not presented evidence that women in comparable positions are paid less. Although Plaintiff Flores says that some women are paid less, he indicates that these women were performing different jobs than the men were. *Defendants' Appendix, p. 458*. Plaintiff Ashley Alejandre has not responded to any discovery requests and has not been deposed. There is no genuine issue of material fact about wage disparity, and no evidence to show that women in the same position as men are paid less. Therefore, Defendants motion for summary judgment on the Plaintiffs' equal pay claims is GRANTED.

### 7. All Other Claims

There are genuine issues of material fact on all remaining issues discussed in both motions for summary judgment. All other parts of the requests for summary judgment by Plaintiffs and Defendants are DENIED.

### III. CONCLUSION

Accordingly, this Court denies the Plaintiffs' *Motion for Partial Summary Judgment on the Issue of Liability*. The Court denies Defendants' *Motion for Summary Judgment* on all issues except: (1) Plaintiffs Joe Sturgeon and Jose Ruben Guzman joined

the lawsuit outside the statute of limitations and their claims are dismissed; (2) the theory of fraudulent concealment is not applicable in this case; (3) Caviness Packing Company, Inc., Caviness Beef Packers, LP, and Caviness Management, LLC are not "employers" under the FLSA; (4) the alter ego theory is inapplicable in this case; and (5) the individual retaliation by termination claims of the named Plaintiffs. Opt-in Plaintiffs Joe Sturegon and Jose Ruben Guzman are hereby dismissed from the case. Defendants Caviness Packing Company, Inc.; Caviness Beef Packers, LP; and Caviness Management, LLC are also dismissed from the case.

IT IS SO ORDERED.

Signed this 3rd day of April, 2008.

/s/ Mary Lou Robinson

**MARY LOU ROBINSON**
**UNITED STATES DISTRICT JUDGE**